UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-640-FDW

| RONALD McCLARY, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| ANTHONY SEARLES, et al., | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 6).

### I. BACKGROUND

*Pro se* Plaintiff Ronald McClary has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against the following Defendants who are all employed at the Lanesboro Correctional Institution: Superintendent David Mitchell; Nurse Belquis Hopkins; and Doctor Anthony Searles.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff appears to allege that he suffers from a number of medical conditions including an enlarged prostate, bad back, and high blood pressure, of which the Defendants were aware, and which they failed to treat. Plaintiff seeks punitive damages for Defendants' alleged deliberate indifference to his serious medical needs.

### II. STANDARD OF REVIEW

A "court shall dismiss [a prisoner's] case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint should not be dismissed for failure to state a claim "unless 'after

1

accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.     DISCUSSION**

Plaintiff acknowledges in his Complaint that his claims were "[f]iled in previous same

2

action on file with the court." (Doc. No. 1 at 5). A review of the Court's records reveals that Plaintiff has, indeed, made substantially the same claims against the same three Defendants in an earlier-filed § 1983 case that is still pending before the Court, case number 3:16-cv-88-FDW.[1]  Because this action is duplicative of another earlier-filed pending action, it will be dismissed without prejudice. Plaintiff may move to amend the Complaint in the other pending action if he wishes to add claims or defendants in that action.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action without prejudice because Plaintiff brought substantially the same claims in an earlier action that is still pending.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice as duplicative of case number 3:16-cv-88-FDW.
2. The Clerk is directed to terminate this action.

Signed: November 13, 2017

Frank D. Whitney
Chief United States District Judge

---

[1] The only appreciable difference between the two actions is that Plaintiff complains of untreated high blood pressure in the instant case but makes no such claim in case number 3:16-cv-640-FDW.